# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KELLY IFILL,**<br><br>   **Plaintiff,**<br><br>   v.<br><br>**CVS PHARMACY, and JOHN AND JANE DOES 1–10,**<br><br>   **Defendants.** | Civ. No. 20-14818 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Kelly Ifill sued CVS Pharmacy in New Jersey Superior Court after she was detained by the police on suspicion of shoplifting some small items from a CVS. CVS removed the case to this Court, and Ifill moves to remand (DE 6).[1] For the following reasons, the motion to remand is **DENIED**.

## I.   BACKGROUND

Two Teaneck, New Jersey, police officers learned from the staff at a Teaneck CVS store that a person had shoplifted soda and chips. (Compl. ¶ 5.) Nearby, the officers stopped Ifill, a Teaneck resident, who was on her way home from school. (*Id.* ¶¶ 1, 4.) Although Ifill denied being in the CVS that afternoon, police handcuffed her, placed her inside a police vehicle, and prevented her from calling her mother. (*Id.* ¶¶ 7–9.) The CVS manager was called and identified Ifill as the shoplifter. (*Id.* ¶¶ 9–10.) The officers then searched Ifill for the soda and chips but found nothing. (*Id.* ¶¶ 11–12.)

Ifill sued "CVS Pharmacy" in New Jersey Superior Court. (*Id.* ¶ 2.) She asserted four state-law claims: false arrest, intentional infliction of emotional

---

[1]   Certain citations to the record are abbreviated as follows:

   DE = docket entry

   Compl. = Ifill's Complaint filed in New Jersey Superior Court (DE 1-1)

   Notice = Notice of Removal (DE 1)

distress, bias crime causing damage, and a claim arising from the manager's false accusation based on respondeat superior liability. She sought compensatory damages, punitive damages, injunctive relief, and attorney's fees. The Complaint, in keeping with New Jersey practice, did not specify a damages figure.

CVS removed the case to this Court, asserting diversity jurisdiction. (Notice ¶ 5.) The Notice explained that although the Complaint named "CVS Pharmacy" as defendant, the proper defendant is New Jersey CVS Pharmacy, LLC, a limited liability company formed under New Jersey law but whose sole member is CVS Pharmacy, Inc. (*Id.* ¶ 8, 10.) CVS Pharmacy, Inc., is incorporated under Rhode Island law and has its principal place of business in Rhode Island. (*Id.* ¶ 10.) As to damages, CVS asserts that the Complaint is reasonably read to be claiming an amount in controversy over $75,000. (*Id.* ¶ 13.) Ifill moves to remand, disputing only the amount in controversy. (DE 6.)

## II. DISCUSSION

Defendants may remove cases based on diversity jurisdiction. 28 U.S.C. §§ 1441(a), 1332(a). But a removed action must be remanded when "it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c). So, on a motion to remand, I must determine whether the action indeed qualifies for diversity jurisdiction.

There is no dispute between the parties that there is diversity of citizenship. Ifill is a citizen of New Jersey. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The citizenship of a limited liability company is determined by the citizenship of its members. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 350 (3d Cir. 2013). The sole member of New Jersey CVS Pharmacy, LLC, is CVS Pharmacy, Inc., a corporation. (Notice ¶ 10.) A corporation is a citizen of states where it is incorporated or has "its principal place of business." 28 U.S.C. § 1332(c)(1). The state of incorporation and principal place of business of CVS Pharmacy, Inc., is Rhode Island. It follows

that New Jersey CVS Pharmacy, LLC is a citizen of Rhode Island, and is therefore diverse from Ifill. *See Johnson*, 724 F.3d at 350.

As to the amount in controversy, because CVS accepts the facts alleged in the Complaint and asserts that they give rise to an amount in controversy over $75,000, this action may remain in federal court unless Ifill can show to a "legal certainty" that she cannot recover that amount. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 502–03 (3d Cir. 2014). I must read her Complaint and make a commonsense estimate of the damages it claims. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398–99 (3d Cir. 2004).

Reviewing similar cases, I cannot say to a legal certainty that Ms. Ifill could not recover over $75,000. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 753, 764 (7th Cir. 2004) (false arrest and intentional infliction of emotional distress claims arising from a gas station's detention of a customer); *Napier v. Wal-Mart Stores E., LP*, No. NA4:04CV0010SEBWGH, 2004 WL 950657, at *1–2 (S.D. Ind. Apr. 26, 2004) (false arrest claims arising from shoplifting incident); *see De Angelis v. Jamesway Dep't Store*, 501 A.2d 561, 566 (N.J. Super. Ct. App. Div. 1985) (false imprisonment of cashier accused by department store of theft). Indeed, because it is notoriously difficult to place a firm limit on personal-injury damages, there generally can be no legal certainty that they do not exceed the statutory amount, absent some independent limitation. *Fields v. Zubkov*, Civ. No. 08-2016, 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008).

In addition, Ms. Ifill seeks punitive damages, which may be considered part of the jurisdictional amount. "[C]laims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (quotation marks, citation, and emphasis omitted). Punitive damages are available for claims like those brought by Ifill here. *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1115 (N.J. 2009) (intentional infliction of emotional distress);

3

*Marion v. Borough of Manasquan*, 555 A.2d 699, 705 (N.J. Super. Ct. App. Div. 1989) (false arrest); *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 570 (D.N.J. 2000) (same); *see also De Angelis*, 501 A.2d at 566 (affirming punitive-damages award for cashier's claim of false imprisonment by department store).

I do consider that due process may place an outside limit on the amount of punitive damages. Still, "although punitive damages greater than single-digit multiples of actual damages are rare, higher multiples may be justified if actual damages are small and the offending conduct is particularly egregious." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 87 (3d Cir. 2017). Assuming a single-digit multiple (*i.e.*, a maximum of 9), Ifill would only need to recover compensatory damages above $7,500[2] to bring the total above $75,000. Such a compensatory award is plausible. *See De Angelis*, 501 A.2d at 563 ($10,300 compensatory-damages award in 1985 for false accusation of stealing from store and interrogation); *Pourghoraishi*, 449 F.3d at 764 (claims arising from a gas station's detention of a customer plausibly worth more than $75,000 even without mentioning punitive damages).[3]

I do not say that such a damages award is likely or appropriate. But it does not appear to a legal certainty that Ifill could only recover less than $75,000. That is the fairly lax standard for the amount in controversy requirement, and it is satisfied.

---

[2]     75,000 = 7,500 + (7,500 x 9), where 7,500 represents the compensatory damages and 9 represents the punitive-damages multiplier.

[3]     It is possible that a jury could also reasonably award a higher multiplier because this case involves a school-age person who could be seen as particularly vulnerable. *See* N.J. Stat. Ann. § 2A:15-5.12(b)(1) (listing one factor supporting punitive damages as whether "serious harm would arise from the defendant's conduct").

## III.  CONCLUSION

For the reasons set forth above, diversity jurisdiction is present, and the motion to remand is denied. A separate order will issue.

Dated: February 9, 2021

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty**
**United States District Judge**